UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARIO GOMEZ-CRUZ,

                            Plaintiff(s),

                                                                     **SCHEDULING ORDER**
      -against-                                                         CV 13-766 (LDW) (GRB)

PANZNER DEMOLITION AND CONTRACTING CORP.,

                            Defendant(s).
-------------------------------------------------------------X
**BROWN, Magistrate Judge:**

## I.    APPEARANCES & COURT-ORDERED DEADLINES

June 17, 2013:  Motions to join new parties or to amend the pleadings.

**October 1, 2013 at 11:00 a.m.:** Status conference.  Counsel shall appear in Courtroom 840 of the Long Island Courthouse. Any requests to adjourn this conference must be electronically filed as a "Motion."

January 20, 2014:  Completion of all discovery, including expert discovery.

February 4, 2014:  Any party planning to make a dispositive motion must take the first action to commence such a motion pursuant to the individual practices of the district judge to whom this case is assigned.  Parties are required to consult the individual rules of the district judge regarding motion practice.

February 18, 2014: A joint proposed pretrial order consistent with the District Judge's requirements must be electronically filed by this date.  No court appearance will be necessary if the joint proposed pretrial order is timely filed.

## II.    ADDITIONAL DATES AGREED UPON BY THE PARTIES

The following deadlines were negotiated by the parties, and they are free to stipulate to changes in these dates so long as the deadlines set by the Court in Section I, *supra,* are not impacted. Such stipulations should *not* be submitted for Court approval.

May 3, 2013:  Completion of initial disclosures required by Rule 26(a).  Service of first requests for production of documents and first requests for interrogatories.

November 15, 2013:  Fact discovery completed.

December 1, 2013:  Exchange of expert reports completed.

January 20, 2014:  Completion of expert depositions.

### III. DISCOVERY IN GENERAL

    a.    **Stays of discovery.**  Discovery is not automatically stayed by the pendency of a dispositive motion, settlement discussions between the parties, a referral to mediation, or an agreement among the parties to suspend discovery.  A party seeking a stay of discovery must seek a court order and must show good cause why such relief should be granted.

    b.    **Depositions.**  Pursuant to Local Civil Rule 26.5, counsel are expected to cooperate with each other, consistent with the legitimate interests of their clients, in scheduling depositions.  If counsel cannot agree on a schedule for a given deposition, the deponent must appear at the date, time, and place set forth in a notice properly served pursuant to Federal Rule of Civil Procedure 30 unless excused by the party that served the notice or by the Court.

    c.    **Compliance with deadlines.**  To be timely, a request for written discovery, deposition notice, or subpoena must be served in sufficient time for compliance to occur *before* the relevant deadline.  The undersigned may decide not to enforce an untimely request, notice, or subpoena.

    d.    **Discovery disputes.**

        i.    While parties must attempt in good faith to resolve discovery disputes in good faith before seeking judicial intervention, they must also ensure that any unresolved dispute is brought to the Court's attention in sufficient time for the dispute to be resolved and discovery to be completed according to the deadlines in this schedule.

        ii.    A motion to resolve a discovery dispute must be litigated pursuant to Local Civil Rules 37.3 and 6.4 and in accordance with the undersigned's individual rules, which can be found on the Eastern District webpage.  Motions that do not comply with all such requirements may not be accepted.  Failure to submit a timely opposition in compliance with applicable rules may result in a motion being granted as unopposed.

### IV. MODIFICATIONS TO THE SCHEDULE

    a.    **The deadlines in this order will be enforced and will be modified only upon a timely showing of good cause**. *See* Fed. R. Civ. P. 16(b). The parties are advised that their diligence in conducting discovery will be the primary consideration of the Court in determining whether good cause exists to modify this Scheduling Order

    b.    While the parties are encouraged to cooperate with each other in conducting

discovery, they should not agree among themselves to any extensions that will render them unable to meet any deadline in Section I, above. Any request to modify a date established in Section I must be in writing, and submitted in accordance the undersigned's practice rules, and must be electronically filed prior to the expiration of the current deadline.

      c.      The fact that a party intends to seek summary judgment will not, by itself, be considered good cause to alter or suspend the deadline for filing a joint pretrial order (if one is required pursuant to the individual rules of the district judge) or to postpone the settlement conference.

**V.**      **ELECTRONIC FILING AND CONTACT INFORMATION:**

      As all filings must be submitted electronically, the lead attorney for each party must be registered with the Court's ECF system and must file a notice of appearance in this action so that he or she will be personally notified of all filings. The parties are under a continuing obligation to keep the Court apprised of any changes in their contact information, including mailing addresses, e-mail addresses, and daytime telephone numbers.

Dated:  Central Islip, New York             **SO ORDERED:**
        April 30, 2013

                                                              /s/ Gary R. Brown
                                                             GARY R. BROWN
                                                              United States Magistrate Judge