

## Thompson Wigdor LLP ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.thompsonwigdor.com

**David E. Gottlieb**
dgottlieb@thompsonwigdor.com

August 13, 2013

**VIA ECF**

The Honorable Leonard D. Wexler
Long Island Federal Courthouse
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

> Re:  Gomez-Cruz, et al. v. Panzner Demolition and Contracting Corp., et al.;
> Index No.: 13 Civ. 0766 (LDW)(GRB)

Dear Judge Wexler:

We represent Plaintiffs in the above-referenced matter and submit this joint letter with Defendants Panzner Demolition and Contracting Corp., Panzner Demo & Abatement Corp., and Keith and Todd Panzner (collectively, "Defendants"). The parties have entered into a proposed stipulation (the "Stipulation") concerning Plaintiffs' proposed motion for conditional certification. The Stipulation provides that, *inter alia*, Defendants will provide Plaintiffs' counsel with contact information for the members of the putative collective and that a proposed notice of pendency and plaintiff consent form will be mailed to each individual disclosed (the "Notice of Pendency"). The proposed Stipulation is attached hereto as Exhibit A and the proposed Notice of Pendency is attached hereto as Exhibit B. The parties respectfully request that the Stipulation be So Ordered by the Court, so the parties may proceed with the mailing of the Notice of Pendency.

Thank you for your attention to this matter.

Respectfully submitted,

David E. Gottlieb

cc:    Gerald Waters, Esq., Jonathan Kozak, Esq.,

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MARIO GOMEZ-CRUZ, JORGE
VASQUEZ and ANGEL FLORES, on behalf
of themselves and on behalf of all other
similarly-situated persons,

                              Plaintiffs,

                  -v-

PANZNER DEMOLITION AND
CONTRACTING CORP., PANZNER
DEMO & ABATEMENT CORP., TODD
PANZNER, in his official and individual
capacities, and KEITH PANZNER, in his
official and individual capacities,

                         Defendants.

------------------------------------------------------------------X

Civ. No.: 13-CV-0766 (LDW)(GRB)

## STIPULATION AND *[PROPOSED]* ORDER REGARDING CONDITIONAL CERTIFICATION, ISSUANCE OF COLLECTIVE ACTION NOTICE, AND DISCLOSURE OF CONTACT INFORMATION

Plaintiffs and Defendants, by and through their undersigned counsel, hereby stipulate and agree as follows upon the following premises.

WHEREAS, Plaintiffs commenced this suit, bringing claims under the Fair Labor Standards Act, as a collective action, and under the New York Labor Law, as a class action, in the United States District Court for the Eastern District of New York; and,

WHEREAS, Plaintiffs allege they were employed by Defendants as laborers in Defendants' demolition business, and seek to represent a collective and class comprised of similarly situated workers under the Fair Labor Standards Act and New York Labor Law; and,

WHEREAS, instead of expending resources litigating Plaintiffs' anticipated motion for collective action notice pursuant to 29 U.S.C. § 216(b), the parties, without

prejudice to Defendants' right to challenge collective action certification at a later date, have

negotiated the terms of a proposed notice to be sent to members of the alleged collective ("the

Notice") and the process for disseminating the Notice;

WHEREAS, the parties have reached agreement on the scope, form and manner of

distribution of the Notice in this matter, subject to the Court's approval; and

NOW THEREFORE IT IS STIPULATED AND AGREED AS FOLLOWS:

1.　　Within five (5) business days after the Court has "So Ordered" this Stipulation and approved the Notice, Defendants shall provide to Plaintiffs' counsel in electronic form the names and last known mailing addresses of all laborers, drivers, operators, and asbestos workers; employed by Panzner Demolition and Contracting Corp., Panzner Demo & Abatement Corp., or any other predecessor corporation which existed for the same purpose as Panzner Demolition and Contracting Corp. and Panzner Demo & Abatement Corp., at any point in time from August ___, 2010 [THREE YEARS PRIOR TO THE DATE THE COURT "SO-ORDERS" THE STIPULATION AND APPROVES THE NOTICE] ("Collective List" or "putative collective members") for the purpose of mailing the Notice as set forth herein;

2.　　Within 10 business days after the Court's entry of an Order approving the Notice, and Plaintiffs' receipt of the names and mailing addresses noted in Paragraph 1, Plaintiffs' counsel shall mail the Notice to each individual on the Collective List. Plaintiff's counsel may re-mail notice to putative collective members whose notice is returned as undeliverable, with forwarding addresses and in the manner described below. Except as otherwise permitted herein, Plaintiffs may only re-mail a notice to putative collective members, if those individuals request same, or another address is obtained by Plaintiffs' counsel for that putative collective member;

3.　　Defendants agree to provide the last known telephone number for any putative collective member, whose initial mailing was returned as undeliverable. Defendants will provide the telephone number, if available, as soon as practicable, after receipt of written notice from Plaintiffs' counsel, that the particular putative collective member's initial mailing was returned as undeliverable;

4.　　Plaintiffs' attorney will use the telephone number described in Paragraph 3 for the purpose of obtaining a current mailing address from the putative collective member, whose first mailing was returned as undeliverable;

5.　　All names, addresses and phone numbers of individuals on the Collective List provided by Defendants to Plaintiffs' counsel shall remain confidential and not be shared with the named Plaintiffs or any opt-in Plaintiffs;

6.      Upon receipt of an address from the putative collective member, Plaintiffs' attorney may, one time only, re-mail the Notice to the putative class member;

7.      The individuals on the Collective List shall have 60 days from the date on which the initial Notice is mailed to them to ensure their Consent to Join form is filed with the Court. Individuals whose initial Notice is returned as undeliverable as set forth herein shall have 10 additional days to ensure their Consent to Join form is filed with the Court.  Only individuals submitting a Consent form by this deadline shall be eligible to join the collective action in this matter unless Defendants consent otherwise, in writing, or Plaintiffs make an application to the Court demonstrating that good cause exists for accepting the untimely submission;

8.      Both during and following the close of the opt-in period identified in Paragraph 7 above, the parties shall participate in discovery targeted to illuminate the claims and defenses in this case.  Discovery shall be completed pursuant to the deadlines established by Order of the Honorable Magistrate Gary R. Brown (ECF Doc. 15) or otherwise agreed to by the parties and approved by the Court. The parties shall meet and confer regarding discovery necessary for Plaintiffs to assess potential damages associated with the putative collective action and for Defendants to assess defenses to the matter.

THOMPSON WIGDOR LLP
*ATTORNEYS FOR PLAINTIFFS*
85 Fifth Avenue
New York, New York, 10003
(212) 257-6800

By: _____
        DOUGLAS H. WIGDOR, ESQ.
        DAVID E. GOTTLIEB, ESQ.

Dated: _____8/13/13_____

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
One North Broadway, 15th Fl.
White Plains, New York 10601
(914) 328-0404

58 South Service Rd., Ste. 410
Melville, NY 11747
(631) 247-0404

By: _____
        JONATHAN M. KOZAK, ESQ.
        GERALD C. WATERS, JR., ESQ.

Dated: _____8/13/13_____

SO ORDERED THIS ___ DAY OF_____, 2013.


_____
Hon. Leonard D. Wexler
United States District Judge


4831-4917-8132, v. 1

# Exhibit B

Case 2:13-cv-00766-LDW-GRB   Document 24   Filed 08/13/13   Page 7 of 13 PageID #: 103

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

MARIO GOMEZ-CRUZ, JORGE
VASQUEZ and ANGEL FLORES, on behalf
of themselves and on behalf of all other
similarly-situated persons,

                         Plaintiffs,

          -v-

PANZNER     DEMOLITION     AND
CONTRACTING   CORP.,   PANZNER
DEMO & ABATEMENT CORP., TODD
PANZNER, in his official and individual
capacities, and KEITH PANZNER, in his
official and individual capacities,

                         Defendants.

----------------------------------------------------------------x

Civ. No.: 13-CV-0766 (LDW)(GRB)

# COURT-AUTHORIZED NOTICE

If you worked for Panzner Demolition and Contracting Corp., or Panzner Demo & Abatement Corp. ("Panzner" or "Defendants") as a laborer, driver, operator, or asbestos worker at any time between August ___, 2010 [THREE YEARS PRIOR TO THE DATE THE COURT "SO-ORDERS" THE STIPULATION AND APPROVES THE NOTICE] and the present, please read this notice.

## IMPORTANT NOTICE

### A collective action lawsuit may affect your legal rights.

- Three former Panzner employees, Mario Gomez-Cruz, Jorge Vasquez and Angel Flores ("Plaintiffs") filed a lawsuit on behalf of themselves, other laborers, and those individuals similarly-situated to them, including "drivers", "operators" and "asbestos" workers, claiming that Panzner violated the federal Fair Labor Standards Act ("FLSA") by failing to pay them overtime and other wages.

- Panzner denies that it failed to properly pay laborers, drivers, operators or asbestos workers or that it is liable or owes underpayments to anyone.

- The purpose of this Notice is to inform you of the existence of the Lawsuit, to advise you of your right to join the Lawsuit because it has been alleged that you may be

similarly situated to the Plaintiffs, and to explain how your rights may be affected by the Lawsuit. The Court has not decided who is right and who is wrong.

- Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **ASK TO BE INCLUDED** | By signing and sending in the Consent to Join form included with this Notice, you will "opt in" and become a Plaintiff in this collective action lawsuit. If you choose to be included, you may be entitled to share in any recovery that might come from a trial or a settlement in this lawsuit. You forfeit any rights to separately sue the Defendants over the federal claims addressed in this lawsuit. By joining the lawsuit, you may be required to participate in the discovery process and testify in this case as explained in Paragraph 9 below. <br><br> **If you wish to be included, you must complete and return the Consent to Join form at the end of this Notice.** |
| **DO NOTHING** | If you do not sign and send in the Consent to Join form included with this Notice, you will not join the collective action. If you do not opt-in, you will not be included in this collective action. This means that you forego the possibility of recovering under the FLSA in this lawsuit, if those bringing the lawsuit are successful or if there is a settlement. You retain your right to sue the Defendants separately over the federal claims addressed in this lawsuit. However, the limitations period on your federal claim continues to run. |

Your options are explained in this notice. To be included in the lawsuit, your Consent to Join form has to be received by Plaintiffs' counsel and filed with the Court on or before **[insert date 60 days from date notice is mailed]**.

## 1. Why did I get this notice?

You were sent this notice because a lawsuit has been brought against Panzner on behalf of all laborers, and similarly situated persons such as drivers, operators and asbestos workers, in which Plaintiffs allege they were not paid overtime and other wages; and Panzner's records show that

you work or worked for Panzner as a laborer; or driver, operator or asbestos worker, in the last three years.

## 2. What is this lawsuit about?

The Lawsuit alleges that Plaintiffs were not paid wages for all hours worked and that they also were not paid overtime at a rate of one-and-one-half times the regular hourly rate when they worked more than 40 hours in a workweek pursuant to federal and New York law. The lawsuit also alleges that other similarly situated employees have the same claims.

The Lawsuit is known as *Gomez-Cruz, et al. v. Panzner Demolition and Contracting Corp., et al.,* Case No. 13-CV-00766, and is pending before the Honorable Leonard D. Wexler in the United States District Court in the Eastern District of New York.

## 3. What is a collective action and who is involved?

In a collective action, one or more Plaintiffs can bring a lawsuit not just on their own behalf but on behalf of others who are "similarly situated" to them. The Plaintiffs in this case brought this Lawsuit on behalf of themselves and other laborers whom they claim are "similarly situated" to themselves. All employees who worked as laborers; or drivers, operators or asbestos workers, for Panzner who join the case will become part of the lawsuit and will be called "Collective Action Plaintiffs." This Court will resolve the issues for everyone who joins the case.

## 4. Why is this lawsuit a Collective Action?

The Court has authorized this case to proceed as a collective action under Section 216(b) of the FLSA, which means that the Judge in this case has approved this notice and authorized its mailing to all current and former Panzner laborers; or drivers, operators or asbestos workers, so that they can decide whether to join the case as members of the "Collective."

## 5. What is the Defendants' position?

Panzner denies the Plaintiffs' allegations that it has not complied with the federal and New York wage-hour laws. Panzner contends that its laborers, drivers, operators and asbestos workers were paid for all hours worked, including proper overtime wages, and that it has at all times endeavored to ensure compliance with the law.

## 6. What are the Plaintiffs asking for?

The Lawsuit seeks to recover unpaid wages and liquidated damages which may double the amount of compensation owed to Plaintiffs and members of the Collective within the federal period. The Lawsuit also seeks recovery of costs and attorney's fees.

## 7. Can I join the collective?

Yes. If you received this Notice directly, Panzner's records show that you are eligible to join this Lawsuit because you were employed by Panzner as a laborer; or driver, operator or asbestos worker, at some point between August ___, 2010 [THREE YEARS PRIOR TO THE

DATE THE COURT "SO-ORDERS" THE STIPULATION AND APPROVES THE NOTICE] and the present. If that is incorrect, you will not be eligible to participate in this lawsuit.

## 8. What happens if I do nothing at all?

If you do not choose to join this lawsuit, you will not be affected by any decision in this case, whether favorable or unfavorable. You will not be entitled to share any amounts recovered by the Plaintiffs as part of the lawsuit. You also will be free to hire your own lawyer and file your own lawsuit. You should be aware that your time to bring federal wage and hour claims is limited by a two or three-year statute of limitations. Delay in joining this action, or proceeding separately, may result in part or all of your potential claims expiring.

## 9. What happens if I join the lawsuit?

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. You will share in any settlement or judgment obtained by the Plaintiffs, and, conversely, if the Plaintiffs recover nothing, you recover nothing. By joining this lawsuit, and as set forth in the Consent to Join form, you agree to have the named Plaintiffs and their counsel act as your representatives and make decisions on your behalf concerning the case, including approving any settlement, entering into an agreement with counsel regarding payment of attorneys' fees and costs, and deciding other matters pertaining to this lawsuit. Decisions made and agreements entered into by the Plaintiffs and their counsel will be binding on you if you join the lawsuit, subject only to the Court's discretion.

While this suit is pending, as part of the discovery process you may be asked to provide documents or information relating to your employment at Panzner, which may include responding to written questions and requests for documents. For this reason, if you join the lawsuit you should preserve all documents relating to your employment currently in your possession. You also may be asked to sit for a deposition and/or asked to testify at a trial at the Eastern District of New York Courthouse located in Central Islip, New York.

## 10. Can Panzner and/or my current employer retaliate against me if I join the lawsuit?

No. It is a violation of federal law for anyone to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case.

## 11. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join." If you choose to join this lawsuit, it is important that you read, sign, and return promptly the Consent to Join form. An addressed and postage-paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join form must be sent to:

David E. Gottlieb, Esq.
Thompson Wigdor LLP
85 Fifth Avenue
New York, New York 10003

You can also fax the Consent to Join form to (212) 257-6845 or email it to dgottlieb@thompsonwigdor.com.

Your Consent to Join form has to be received by Plaintiffs' counsel and filed with the Court on or before **[insert date 60 days from date notice is mailed]**. If you wish to join the lawsuit, but your signed Consent to Join form is not filed with the Court by that date, you may not be allowed to participate in the federal law portion of this lawsuit, or share in a monetary recovery on the federal law claims.

## 12. Do I have a lawyer in this case?

If you choose to join this lawsuit, you will be represented by the law firm who represent the Plaintiffs:

Douglas H. Wigdor, Esq. and David E. Gottlieb, Esq. of Thompson Wigdor LLP, 85 Fifth Avenue, New York, New York 10003.

## 13. Should I get my own lawyer?

You do not need to hire your own lawyer because the Plaintiffs' attorneys will be working on your behalf. You are permitted to retain your own lawyer.

## 14. How will the lawyers be paid?

You will not be required to pay any attorneys' fees or costs out of your own pocket. The Plaintiffs have entered into a 1/3 contingency fee agreement with their attorneys. Under this agreement, if there is a settlement with Panzner or if there is a trial and the Plaintiffs prevail, the Plaintiffs' attorneys will ask the Court to approve their attorneys' fees. You can obtain a copy of the contingency fee agreement executed by the Plaintiffs upon request from the Plaintiffs' counsel identified above.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

MARIO GOMEZ-CRUZ, JORGE VASQUEZ
and ANGEL FLORES, on behalf of themselves
and on behalf of all other similarly-situated
persons,

                                               Plaintiffs,

                  -v-

PANZNER         DEMOLITION       AND
CONTRACTING CORP., PANZNER DEMO &
ABATEMENT CORP., TODD PANZNER, in
his official and individual capacities, and KEITH
PANZNER, in his official and individual
capacities,

                                      Defendants

Civ. No.:  13-CV-0766 (LDW)(GRB)

**CONSENT TO JOIN FORM**

-------------------------------------------------------------------X

I consent to be a party plaintiff in a lawsuit against Panzner Demolition and
Contracting Corp., Panzner Demo & Abatement Corp., Todd Panzner, in his official
and individual capacities, and Keith Panzner, in his official and individual capacities
(collectively referred to as "Panzner"), in order to seek redress for alleged violations of
the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).   I hereby designate
Thompson Wigdor LLP ("Plaintiffs' Counsel") to represent me in this lawsuit.  I also
hereby designate representative Plaintiffs Gomez-Cruz, Vasquez and Flores as my agents
to make decisions on my behalf concerning the litigation and any settlement, including but
not limited to the method and manner of conducting the lawsuit, entering into an agreement
with Plaintiffs' Counsel concerning attorney's fees and costs and entering into a settlement
agreement.  I agree to be bound by any adjudication of this action by a court, whether it is
favorable or unfavorable, and to be bound by any settlement entered into on my behalf by
the representative Plaintiffs.

 

_____

Signature

_____

Print

_____

Telephone Number

_____

Email

_____

Date

_____

Address

_____

City/State/Zip

**To join this case, please mail, email or
fax this form to: David E. Gottlieb, Esq.
Thompson Wigdor LLP; 85 Fifth
Avenue; New York, NY 10003; Phone:
(212) 257-6800; Fax: (212) 257-6845;
dgottlieb@thompsonwigdor.com**